Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| JOSÉ MANUEL SOTO RAMOS | | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla |
|---|---|---|
| Demandante-Apelado | | |
| Vs. | KLAN202300568 | Caso Núm. A CU2016-0171 |
| JENNIFER I. BURGOS RODRÍGUEZ | | Sobre: RELACIONES PATERNO FILIALES |
| Demandada-Apelante | | |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard.

Hernández Sánchez, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de septiembre de 2023.

El 5 de julio de 2023, la Sra. Jennifer Ivette Burgos (señora Burgos o peticionaria) compareció ante nos mediante recurso de *Apelación Civil*[1] y solicitó la revisión de una *Resolución* que se emitió el 12 de junio de 2023 y se notificó el 13 de junio de 2023 por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (TPI). Mediante el aludido dictamen, el TPI declaró Ha Lugar la solicitud de desacato que presentó el Sr. José Manuel Soto Ramos (señor Soto o recurrido) en contra de la peticionaria. Consecuentemente, le ordenó a la señora Burgos a que reestableciera las relaciones paternofiliales según se establecieron anteriormente y le impuso una sanción de $1,000 por su injustificado incumplimiento con las órdenes del tribunal.

Por los fundamentos que expondremos a continuación, ***denegamos*** el recurso de epígrafe.

---

[1] Acogemos la apelación de epígrafe como un *certiorari*, por ser el recurso adecuado para la revisión de la determinación recurrida. Sin embargo, para fines administrativos, mantenemos la codificación alfanumérica que la Secretaría de este foro le asignó al caso.

Número Identificador

RES2023 _____

## I.

El 7 de febrero de 2022, las partes de epígrafe presentaron una *Estipulación sobre Relaciones Paterno Filiales* en la cual, en lo pertinente, acordaron que las relaciones paternofiliales se llevarían a cabo todos los fines de semana desde el viernes en el horario que las partes acordaran hasta Domingo a las 7:00pm.[2] El TPI emitió una *Orden* validando dicho acuerdo. Sin embargo, el señor Soto presentó varias mociones informándole al TPI que la señora Burgos no estaba cumpliendo con la estipulación de relaciones paternofiliales por lo que le solicitó que le ordenara a esta última a cumplir con lo acordado.[3] La peticionaria siguió incumpliendo con los acuerdos paternofiliales y el 19 de diciembre de 2022, el recurrido presentó una moción solicitándole al TPI a que encontrara incursa en desacato a la señora Burgos con las penalidades que dicha determinación implicara.[4]

El 10 de enero de 2023, se celebró una vista y en esta, las partes acordaron que estarían respetando la orden que emitió el TPI validando las relaciones paternofiliales. A pesar de ello, la peticionaria continuó incumpliendo con sus obligaciones y el 1 de febrero de 2023, el señor Soto presentó una segunda moción solicitándole al TPI a que encontrara a la señora Burgos incursa en desacato.[5]

El 13 de marzo de 2023 se celebró una vista de desacato. Posteriormente, el 20 de marzo de 2023, el TPI emitió una *Resolución* que se notificó el 21 de marzo de 2023, en la cual expuso en resumen de los testimonios de ambas partes y resolvió que luego de evaluarlos, le adjudicó entera credibilidad al del señor Soto por tener mayores elementos de confiabilidad y consistencia en sus

---

[2] Véase, págs. 15-16 del apéndice del recurso.
[3] Véase, págs. 15-16 del apéndice del *Alegato en Oposición.*
[4] Íd., pág. 17.
[5] Íd., págs. 18-19.

argumentos.[6] Así pues, declaró Con Lugar la moción de desacato que presentó el señor Soto y, por ende, encontró incursa en desacato a la peticionaria. Además, le fijó a esta una sanción de $1,000.00 que debían ser consignadas en la Unidad de Cuentas del Tribunal. Aclaró que se mantendrían las sanciones consignadas y se mantendría en suspenso la *Resolución* hasta que el Tribunal atendiera la controversia sobre custodia y relaciones paternofiliales en su fondo. Por último, expresó que de cumplirse prospectivamente con la relación paternofiliales se le devolvería el dinero a la señora Burgos y se dejaría sin efecto el desacato.

Ante un continuo patrón de incumplimiento, el 27 de abril de 2023, el señor Soto se encontró forzado a presentar una tercera moción solicitándole al TPI a que encontrara la señora Burgos incursa en desacato.[7] El 8 de junio de 2023, se celebró una vista sobre solicitud de desacato. Así pues, el 12 de junio de 2023, luego de evaluar los testimonios de ambas partes y conforme al derecho aplicable, el TPI emitió una *Resolución* que se notificó el 13 de junio de 2023, en la cual declaró Ha Lugar la solicitud de desacato que presentó el recurrido en contra de la peticionaria.[8] Consecuentemente, le ordenó a la señora Burgos a que reestableciera las relaciones paternofiliales según se establecieron anteriormente y le impuso una sanción de $1,000 por su injustificado incumplimiento con las órdenes del tribunal. Indicó que de no satisfacer el pago de la sanción en el término de diez (10) días se puede ordenar su arresto hasta la consignación total de la sanción económica.

---

[6] Véase, pág. 19 del apéndice del recurso.
[7] Íd., pág. 20.
[8] Íd., págs. 22-26.

Inconforme, el 5 de julio de 2023, la señora Burgos presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> **Erró el Tribunal de Instancia al determinar que la compareciente había incurrido en desacato a la orden del Tribunal cuando la propia prueba del demandante-recurrido demostró que ella no incurrió en conducta alguna que violentara la orden del Tribunal ni impidiera las relaciones filiales.**
>
> **Erró el Tribunal de Instancia al imponer una sanción de $1,000.00 a la compareciente en contravención a la disposición constitucional que prohíbe los castigos crueles e inusitados siendo la compareciente una persona de escasos recursos económicos.**
>
> **Erró el Tribunal de hecho y derecho al no permitir que la parte compareciente realizara un ofrecimiento de prueba luego de declarar con lugar una objeción del demandante recurrente para excluir evidencia de incumplimiento de la obligación de alimentar a un menor de edad como prueba de impugnación.**

Atendido el recurso, el 14 de julio de 2023, emitimos una *Resolución* ordenándole a las partes un término de veinte (20) días para presentar una transcripción de la prueba oral estipulada de la vista que se celebró el 8 de junio de 2023 sobre la solicitud de desacato en contra de la señora Burgos. Además, le indicamos a la parte recurrida que una vez se presente la prueba oral estipulada, tendría veinte (20) días para presentar su alegato en oposición. En cumplimiento con la referida orden, la parte peticionaria presentó la transcripción de la prueba oral. Sin embargo, la parte recurrida no compareció para estipular dicha transcripción a pesar de que se le concedió hasta el 23 de agosto de 2023 para hacerlo. Consecuentemente, transcurrido el término antes expuesto, se acogió la transcripción que presentó la señora Burgos como la prueba oral del caso.

Posteriormente, la parte recurrida compareció ante nos y presentó un *Alegato en Oposición.* En este negó que el TPI cometiera

los errores que la señora Burgos le imputo. Con el beneficio de la comparecencia de ambas partes procedemos a resolver.

II.

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, 211 DPR ___ (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público;

y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

Por su parte, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B enmarca los criterios que debe evaluar este tribunal al expedir un auto de *certiorari.* La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró,* supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago,* 176 DPR 559, 581 (2009).

III.

Luego de evaluar la totalidad del expediente a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual este Foro deba intervenir con el dictamen recurrido. Ello, ya que no se configura ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios en los que el TPI haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

IV.

Por los fundamentos antes expuestos, ***denegamos*** el recurso de *certiorari.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones